# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11049

United States Court of Appeals
Fifth Circuit

**FILED**

February 11, 2014

Lyle W. Cayce
Clerk

BABU S. KALLUVILAYIL,

> Plaintiff-Appellant

v.

BARBARA M. G. LYNN, Honorable Judge, U.S. District Judge, Northern District of Texas, Dallas Division; IRMA CARRILLO RAMIREZ, Magistrate Judge, Northern District of Texas, Dallas Division,,

> Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:13-CV-137

Before OWEN, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Babu S. Kalluvilayil, Texas prisoner # 584945, moves for leave to proceed in forma pauperis (IFP) on appeal and for the appointment of counsel. He filed this 42 U.S.C. § 1983 action against District Court Judge Barbara M.G. Lynn and Magistrate Judge Irma Carrillo Ramirez, both of the Northern District of Texas, Dallas Division. He challenged the magistrate judge's and the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11049

court judge's actions in denying his various motions filed in his 28 U.S.C. § 2254 proceeding and in denying his § 2254 application, arguing that they had violated his rights to due process and equal protection.  He asserted that the defendants must be disqualified because they did not follow the Federal Rules of Civil Procedure and were biased and prejudiced.

The district court dismissed Kalluvilayil's complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A. Noting that Kalluvilayil's allegations concerned the actions the defendants took in their official capacities as judges, the district court determined that the defendants were entitled to absolute immunity for judicial acts performed in his habeas proceeding and that Kalluvilayil's claim for monetary damages should be dismissed as frivolous.  The district court further ruled that his request for injunctive relief in the form of removal of the defendants from his case and appointment of another judge, as well as his requests for discovery, an evidentiary hearing, expansion of the record, and appointment of counsel in his habeas proceeding should be denied.  Denying Kalluvilayil's motion for leave to proceed IFP on appeal, the district court determined that the appeal was not taken in good faith for the reasons given in its order of dismissal and informed Kalluvilayil that he could challenge the court's finding under *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

By moving to proceed IFP, Kalluvilayil is challenging the district court's certification that his appeal is not taken in good faith.  *See Baugh*, 117 F.3d at 202.  Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  We may dismiss the appeal under 5th

2

Circuit Rule 42.2 if it is frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Kalluvilayil makes no arguments challenging the reasons for the district court's dismissal of his claims for damages or injunctive relief, and he does not address the "trial court's reasons for the certification decision." *See Baugh*, 117 F.3d at 202. Pro se briefs are afforded liberal construction. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Kalluvilayil has failed to challenge any legal aspect of the district court's disposition of the claims raised in his complaint or the certification that his appeal is not taken in good faith, he has abandoned the critical issues of this appeal. *See Brinkmann*, 813 F.2d at 748. Thus, the appeal lacks arguable merit and is therefore frivolous. *See Howard*, 707 F.2d at 220. Accordingly, Kalluvilayil's motions for IFP and appointment of counsel are denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

We hereby inform Kalluvilayil that the dismissal of this appeal as frivolous counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). The dismissal of his complaint by the district court as frivolous and for failure to state a claim also counts as a strike. *Id.* at 387-88. Kalluvilayil has four previous strikes per the dismissals by the district court and this court in *Kalluvilayil v. Texas Board of Pardons and Paroles*, No. 13-11005 and *Kalluvilayil v. Burns,* No. 13-11050. Because Kalluvilayil has now accumulated at least three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless

he is under imminent danger of serious physical injury.  *See* § 1915(g). Kalluvilayil is further warned that any pending or future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions.

MOTIONS DENIED; APPEAL DISMISSED; § 1915(g) BAR NOTED; SANCTION WARNING ISSUED.